GeueN, J.
delivered the opinion of the court.
In this case, it appears that Cooney placed a note on Wade in the hands of McBride, a constable, for collection. Wade was sued, and a judgment obtained. He then placed several *446 notes in the hands of McBride, the constable, to be by him collected and applied to the satisfaction of Cooney’s debt.
These notes were collected by McBride, and the money was used by him. .
After the money was so used, and after he went out of the office of constable, McBride executed to Wade receipts for the sums so collected and used by him, as so much money paid in discharge of Cooney’s judgment.
Cooney having received no part of his money, caused an execution to be issued against Wade, who applied for a superse-deas and brought the cause into the Circuit Court.
The court was of opinion, that the reception of Wade’s money by McBride did not constitute a payment to Cooney, and that McBride had no power to discharge Wade’s liability by the receipt he gave him for the money he had collected and used. Wade appealed to this court.
We think there is no error in the record. It is true, that McBride was Cooney’s agent, and had a right, as such, as well as by his office of constable, to receive his money and give Wade an acquittance therefor; but he had no power to receive payment in any thing but money.
In taking the notes from Wade, they did not become the property of Cooney. McBride had no power to make them such, by any contract with Wade; nor indeed did he assume to do so. He undertook, as Wade’s agent, to collect the notes, and apply the money to Cooney’s debt. Until collected and so applied, the notes and the money that was received upon them belonged to McBride. But while it was in McBride’s hands, as Wade’s money, it was used by him. When he executed the receipts, no money was paid, nor did he have any in his hands belonging to Wade. He was Wade’s debtor to the amount of money he had used; and this debt, it was agreed, should be regarded as money in his hands for Cooney. This, McBride had no right to do. He had no power to discharge Cooney’s debt by assuming the debt himself; and this was in effect the transaction.
Let the judgment be affirmed.